UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

v.

Nick Michael HOLM (1),

Defendant.

Case No.: 89-cr-0075-AGS

**ORDER DENYING MOTIONS FOR COMPASSIONATE RELEASE (ECF 182) AND FOR APPOINTED COUNSEL (ECF 190)**

Inmate Nick Holm moves for compassionate release and for appointed counsel.

## BACKGROUND

The procedural history is not in dispute. In 1989, when he was 20 years old, Holm pleaded guilty to "aiding and abetting murder in perpetrating the crimes of kidnapping and robbery," in violation of 18 U.S.C. § 1111(b). (ECF 189, at 3; *see also* ECF 182, at 3.) He was sentenced to life in prison without parole. (*See* ECF 182, at 4; ECF 189, at 3.) He has served over 37 years so far, including 20 years at USP Florence ADMAX. (*See* ECF 189, at 4; ECF 182, at 4.)

## DISCUSSION

### A. Compassionate Release

It appears that Holm has not met the threshold procedural requirements for the requested sentence reduction. It is Holm's "burden to establish his eligibility for compassionate release" under 18 U.S.C. § 3582(c)(1)(A)(i). *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022). In particular, such a reduction is only proper "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." *Id*. § 3582(c)(1)(A). Yet there is no evidence that Holm has complied with that statutory command.

The government specifically raises this procedural defect, pointing out that Holm "has not submitted any evidence that he submitted a request to the Warden of his facility"

and further asserting that Bureau of Prisons "records confirm that he has not submitted any such request to the BOP." (ECF 189, at 10.) When the government "properly invoke[s]" this prerequisite, the statute "imposes a mandatory claim-processing rule that must be enforced." *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021). So, Holm's sentence-reduction motion must be denied for failing to follow the proper statutory procedure.

**B. Request for Counsel**

Holm also moved to appoint counsel. (*See generally* ECF 190.) Even before that motion, the Court referred Holm's matter to Federal Defenders of San Diego, Inc., which declined voluntary appointment. (*See* ECF 183; ECF 186, at 2.) At any rate, because the compassionate-release request is procedurally improper, Holm's motion for appointed counsel is denied as moot.

**CONCLUSION**

Holm's motions for compassionate release and for appointed counsel are both **DENIED**. The Court expresses no opinion on whether Holm may qualify for compassionate relief if he complies with the administrative requirements of 18 U.S.C. § 3582(c)(1)(A).

Dated: November 19, 2026

Hon. Andrew G. Schopler
United States District Judge